IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NOBLE SAID BEY, Ex rel to Clyde Marvin Thompson, Jr., corporation,<br><br>        Plaintiff,<br><br>   v.<br><br>STATE OF DELAWARE, et al.,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Civ. No. 09-446-SLR<br>)<br>)<br>)<br>) |

**MEMORANDUM ORDER**

At Wilmington this 23rd day of July, 2009, having reviewed the notice of removal;

IT IS ORDERED that the case is summarily remanded to the Court of Common Pleas of the State of Delaware, in and for New Castle County, for the reasons that follow:

1. **Background.** On June 16, 2009, Noble Said Bey, also known as Clyde M. Thompson, Jr. ("Said Bey"), filed a notice of removal. (D.I. 1) He appears pro se. (D.I. 1)

2. Attached as an exhibit to the notice of removal is a uniform traffic complaint and summons that indicates Said Bey was issued a traffic citation on December 15, 2007, for violations of failure to stop at a stop sign and failure to have insurance identification in his possession. (D.I. 1, ex. E) He was summoned to appear in the Justice of the Peace Court on January 2, 2008. (*Id.*) A letter to Said Bey dated January 8, 2008, advises him that, in Case No. 0712015916, he is scheduled to appear for Traffic Court in the New Castle County Court of Common Pleas on July 8, 2008. (*Id.* at ex. G) Said Bey filed his notice of removal on June 16, 2009, one day before

commencement of the non-jury trial in Case No. 0712015916 on June 17, 1009. (D.I. 1, ex. D)

3. Said Bey contested the jurisdiction of the Delaware State courts and filed several motions on the issue in the New Castle County Court of Common Pleas. On June 12, 2008, he entered a special appearance and submitted a judicial notice indicating that he is of the Moorish Nation and setting forth the law on the right to travel. (D.I. 1, ex. A) On July 3, 2008, Said Bey filed a notice of objection to entry of plea and assumption of jurisdiction. (*Id.* at ex. B) On July 8, 2008, he filed a special appearance under threat and duress and repeat challenge of jurisdiction. (*Id.*) On February 23, 2008, he filed a special appearance under threat and duress and repeated challenge of jurisdiction unanswered on record. (*Id.* at ex. C) Finally, on February 25, 2009, Said Bey filed an entry upon discovery and asked the court to dismiss the citations for lack of general jurisdiction. (*Id.* at ex. C)

4. The notice of removal states that this court has jurisdiction and venue pursuant to Article III, Section 1 for the "United States Republic" and the several states under the Constitution. Said Bey asks that an injunction be entered barring defendants from trying to place him in the position of being a state ward subject and affirming his right to life, liberty, and the pursuit of happiness, and to own personal property held in due course by the State. (D.I. 1)

5. **Standard of Review**. In order for a case to be removable to the district court, the court must have original jurisdiction by either a federal question or diversity of citizenship. 28 U.S.C. §§ 1331, 1332, 1441. "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the

defendant." *Kline v. Security Guards, Inc.*, 386 F.3d 246, 252 (3d Cir. 2004) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). If the case could not have been filed originally in federal court, then removal under 28 U.S.C. § 1441 is improper and remand is appropriate. *Id.* (citations omitted).

6. **Discussion**. Plaintiff does not apprise the court under which statutes he seeks removal. Only 28 U.S.C. § 1446 provides for removal of criminal prosecutions from a state court. Under § 1446, a notice of removal of a criminal prosecution shall include all grounds for such removal. 28 U.S.C. § 1446(c)(2). A federal district court is to examine promptly the notice of removal of a criminal prosecution. 28 U.S.C. 1446(c)(4). If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand. *Id.* Section 1446(c)(1) provides that a notice of removal of a criminal prosecution shall be filed not later than thirty days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time. Said Bey appeared before Delaware Courts on January 2, 2008, July 8, 2008, September 8, 2008 and March 30, 2009. The notice of removal, however, was not filed until June 16, 2009, well after the thirty-day time limitation, and only one day prior to the date of the non-jury trial. Therefore, the notice of removal is untimely. *See* 28 U.S.C. § 1446(c)(1). Additionally, Said Bey failed to comply with the requisites for removal as there is no indication that he provided defendants with notice of the removal. *See* 28 U.S.C. § 1446(a). Finally, the removal statute does not afford Said Bey the injunctive relief he seeks. Indeed, it appears that

Said Bey seeks to remove his traffic court case to prevent any potential incarceration and/or as an improper means to file a new civil action.

8. **Conclusion**. Based upon the foregoing, it is clear from the face of the notice of removal and the exhibits provided by Said Bey that removal cannot be permitted. Therefore, the case is summarily remanded to the Court of Common Pleas of the State of Delaware, in and for New Castle County.

_____
UNITED STATES DISTRICT JUDGE